UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHARLES V. MCCLAIN III, pro se, and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE BOEING COMPANY, a foreign corporation, INTERNATIONAL ASSOCIATION OF MACHINISTS DISTRICT 751, and GERALD T. CHAPUT,<br><br>Defendants. | CASE NO. C07-567RSM<br><br>ORDER ON MOTIONS TO ENFORCE SETTLEMENT AND FOR SANCTIONS |

This matter is before the Court for consideration of plaintiff's motion to enforce a settlement agreement (Dkt. # 132) and defendant Boeing Company's motion for sanctions (Dkt. # 141). Both motions shall be denied for the reasons set forth below.

## DISCUSSION

The facts of this matter are well-know to the parties and the Court and need only be briefly summarized. Plaintiff was terminated from his employment with defendant The Boeing Company ("Boeing") in 2007. He filed this action for breach of contract, breach of the duty of fair representation, and failure to accommodate a disability against Boeing, his supervisor Gerald Chaput, and his union

ORDER - 1

1 ("Union"). Dkt. # 1. The complaint also asserted state law claims of infliction of emotional distress,
2 disparate treatment, retaliation, and breach of the implied covenant of good faith and fair dealing. *Id*.
3 The Court granted defendants' motions for summary judgment on the federal claims, and declined to
4 exercise supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(c)(3). Dkt. #
5 77. On appeal, the Ninth Circuit Court of Appeals affirmed the dismissal of plaintiff's federal claims,
6 but vacated and remanded as to the state law claims, "to allow the district court to consider in the first
7 instance whether McClain's state law claims were completely preempted." Memorandum of the Ninth
8 Circuit Court of Appeals, Dkt. # 114. The Court then set a briefing schedule for cross-motions for
9 summary judgment. Dkt. # 116.

### A. **Motion to Enforce Settlement**

On February 27, 2012, plaintiff filed a motion "to enforce settlement and release agreement." Dkt. # 132. In the motion, plaintiff describes a proposed settlement agreement that was presented to him for signature by a Union business representative on December 11, 2006. *Id.*, p. 1. He declined the offer on December 15, 2006. A copy of the unsigned agreement is attached to plaintiff's motion as Exhibit A. Plaintiff asserts that he "was never notified that the offer was no longer valid and the offer itself contained no deadline." *Id.*, p. 2. Therefore, he states, at some later unspecified time "he assented and accepted the Settlement and Release Agreement and sent a signed copy to both Defendants." *Id*. However, he "was later told by the Union, the offer was no longer on the table after Plaintiff's assenting and acceptance of the offer." *Id*. He seeks by this motion to enforce the agreement represented by the document he has attached at Exhibit A, apparently contending that he signed and returned the agreement before it was withdrawn. His motion does not reference any date upon which he purportedly signed and returned the agreement.

In opposing the motion to enforce the settlement agreement, Boeing describes it as "highly improbable" in light of the fact that plaintiff "repeatedly asserted that it was illegal." Defendant's Opposition, Dkt. # 137, p. 1. Defendant also points to the Court's finding on summary judgment that plaintiff rejected the December 11, 2006 offer because backpay was not included. Order on Motion for Summary Judgment, Dkt. # 77, p. 3. Boeing describes this finding as the law of the case. That assertion

ORDER - 2

fails to recognize the Court's additional finding, in the same paragraph, that the Union continued to urge plaintiff to accept the settlement offer, and also approached Boeing to see if the employer would consider offering backpay. *Id.*

The Union has also opposed plaintiff's motion. Dkt. # 138. Noting that the effort to enforce an alleged settlement is contrary to plaintiff's contentions throughout this case that Boeing and the Union colluded to coerce him to sign an illegal agreement, the Union argues that the motion should be treated as a motion to amend to add a new claim. Such motion should be denied as futile, as such claim would involve interpretation of the terms of an agreement between the parties in a labor contract, and treated as a claim under § 301 of the Labor Management Relations, Act, 29 U.S.C § 185(a).

In reply to the defendants' arguments, plaintiff asks to withdraw his motion, asserting that the Court "no longer has jurisdiction" to consider it. Dkt. # 139, pp. 1, 8. In the same reply, he continues to argue for enforcement of the agreement, identifying the time of his acceptance as an unspecified day in November, 2007. *Id.*, p. 2. He alleges that the Union continued to insist that he accept the offer after his December 2006 rejection, and that this insistence "was in fact a new offer." *Id.,* p. 8.

> Just because Plaintiff changes his mind it does not mean there are any arguments to the previous position, in fact plaintiff has stated no arguments whatsoever within his motion. Bottom-line is that there was a valid offer made by the Union in November 2007, verified by both e-mail and a letter from the Union's attorneys. Plaintiff accepted the SARA/contract [Settlement and Release Agreement] and provided both the Union and Boeing with the signed and dated SARA. It was not until after the SARA/contract was assented to by Plaintiff that the Union informed Plaintiff that the offer was no longer on the table.

*Id*. Nowhere in the documents associated with this motion has plaintiff attached a copy of the "valid offer" made by the Union in November 2007, nor of his signed acceptance.[1]

Plaintiff has cited no authority for his assertion that the Court lacks jurisdiction to consider his motion. He did not file his Notice of Withdrawal until after defendants had filed their opposition. Further, he filed it within a reply which argued the merits of the motion. The Court will therefore

---

[1] Plaintiff has attached an incomplete and unauthenticated copy of an email from Kristina Detweiler, counsel for the Union, and a copy of the settlement agreement with his signature dated November 4, 2007, to his response to defendant's motion for sanctions, discussed below. These were not filed until well after the motion to enforce the settlement was ripe for consideration, and cannot be considered in conjunction with this motion.

ORDER - 3

decline to recognize the Notice of Withdrawal and will rule on the motion.

This Court has inherent authority to enforce a settlement agreement in an action pending before it. *See, In re City Equities Anaheim, Ltd.*, 22 F.3d 954, 957 (9th Cir.1994); *Callie v. Near*, 829 F.2d 888, 890 (9th Cir.1987); *TNT Marketing, Inc. v. Agresti*, 796 F.2d 276, 278 (9th Cir.1986). To be enforceable, a settlement agreement must meet two requirements.  First, it must be a complete agreement.  *See, Maynard v. City of San Jose*, 37 F.3d 1396, 1401 (9th Cir.1994); *Callie*, 829 F.2d at 890 (citing *Ozyagcilar v. Davis*, 701 F.2d 306, 308 (4th Cir.1983)).  Second, both parties must have either agreed to the terms of the settlement or authorized their respective counsel to settle the dispute. *See Harrop v. Western Airlines, Inc*., 550 F.2d 1143, 1144-45 (9th Cir.1977).  A party's attorney may bind his or her client to a settlement agreement if he or she has the express permission of the client. *Id.* at 1145.

Plaintiff's motion and exhibits fail to demonstrate that there was a complete agreement, or that Boeing either agreed to its terms or authorized settlement.  His bare allegation that there was a "valid offer" made by the Union in November 2007 does not meet the requirements set forth above, particularly when it is undisputed that plaintiff rejected the same offer in December 2006.  Further, even if the Court could recognize plaintiff's later-filed exhibits in conjunction with this motion, they would not meet the requirements for enforcement of a settlement.  Plaintiff has offered an incomplete copy of an email from Kristina Detwiler, counsel for the Union, dated November 2, 2007 and stating that "Currently there is a return to work offer pending."  Plaintiff's Answer to Boeing's Motion for Sanctions, Dkt. # 144, Exhibit  2.  Plaintiff's theory is that on the basis of this "offer" he signed and returned to the Union a copy of the previously-rejected December, 2006 settlement agreement. However, the email from counsel for the Union is not in any way evidence of an offer of settlement from Boeing, nor of its terms.  It cannot be regarded as a "complete agreement" and cannot be enforced by the Court.

Plaintiff's motion to enforce an alleged settlement agreement (Dkt. # 132) is accordingly DENIED.

ORDER - 4

### B. Motion for Sanctions

Boeing has moved for an award of sanctions against plaintiff for litigation misconduct, pursuant to 28 U.S.C. § 1927 and the Court's inherent powers. Dkt. # 141. Such sanctions are available against "any attorney or other person admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously. . ." 28 U.S.C. § 1927. The imposition of sanctions under § 1927 requires a finding of subjective bad faith. *MGIC Indemnity Co. v. Moore*, 952 F. 2d 1120, 1121-22 (9th Cir. 1991). Because § 1927 only permits sanctions for unreasonable multiplication of proceedings, it does not apply to claims in an initial complaint. *De Dios v. Int'l Realty & Investments,* 641 F. 3d 1071, 1076 (9th Cir. 2011). "Because the section authorizes sanctions only for the 'multipli[cation of] proceedings' it applies only to unnecessary filings and tactics once a lawsuit has begun." *Moore & Keegan Mgmt. Co. (In re Keegan Co. Securities Litigation)*, 78 F. 3d 431, 436 (9th Cir. 1996) (modification in original, citations omitted).

Given the language "any attorney or other person admitted to conduct cases," the courts are split on the question of application of § 1927 sanctions to unrepresented parties. *Id*. However, the Ninth Circuit Court of Appeals has allowed such sanction against a *pro se* plaintiff. *Wages v. Internal Revenue Service*, 915 F. 2d 1230, 1235-36 (9th Cir. 1990).

Boeing filed this motion for sanctions after plaintiff filed and then attempted to withdraw his motion to enforce an alleged settlement agreement. Boeing asserts that sanctions are warranted "for forcing the Boeing defendants to respond to his untimely Motion to Enforce Settlement and Release Agreement." Dkt. # 141, p. 1. As evidence of the unreasonable multiplication of these proceedings, Boeing lists the initial complaint in this matter, plaintiff's motion for reconsideration of the summary judgment of dismissal, his appeal, and plaintiff's petition for rehearing. Motion for Sanctions, Dkt # 141, pp. 2-3. The request for reconsideration and appeal flow from the claims in the original complaint, and are not subject to sanctions under § 1927. *De Dios*, 641 F. 3d at 1076. Boeing also lists plaintiff's motion for recusal, which was denied, and the motion to enforce the settlement agreement. The Court declines to consider these two motions as such an unreasonable multiplication of these proceedings as to

ORDER - 5

warrant sanctions, whether under § 1927 or the Court's inherent powers.  Moreover, the foremost reason advanced for sanctions is not the filing of the motion to enforce settlement, but plaintiff's subsequent attempt to withdraw the motion.  The Court has declined to recognize plaintiff's withdrawal of the motion and has denied it on the merits, so defendant's opposition was not in vain.

Under these circumstances, sanctions are not warranted.  Defendant's motion for sanctions under either § 1927 or the Court's inherent powers (Dkt. # 141) is accordingly DENIED.

Dated this 7 day of May 2012.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER - 6