UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHARLES V. MCCLAIN III, pro se, and all others similarly situated,

Plaintiff,

v.

THE BOEING COMPANY, a foreign corporation, INTERNATIONAL ASSOCIATION OF MACHINISTS DISTRICT 751, and GERALD T. CHAPUT,

Defendants.

CASE NO. C07-567RSM

ORDER ON MOTIONS FOR SUMMARY JUDGMENT

This matter is before the Court for consideration of three motions for summary judgment filed by defendants. Dkt. ## 118, 119, 122. Plaintiff has failed to respond to oppose any of the motions. All three motions shall be granted for the reasons set forth below.

DISCUSSION

The facts of this matter are well-known to the parties and the Court and need only be briefly summarized. Plaintiff was terminated from his employment with defendant The Boeing Company ("Boeing") in 2007. He filed this action for breach of contract, breach of the duty of fair representation, retaliation, and failure to accommodate a disability against Boeing, his supervisor Gerald Chaput, and his union ("Union"). Dkt. # 1. The complaint also asserted state law claims of infliction of emotional distress, disparate treatment, failure to accommodate a disability under the Washington Law Against Discrimination ("WLAD"), and breach of the implied covenant of good faith and fair dealing. *Id*. The

ORDER - 1

Court granted defendants' motions for summary judgment on the federal claims, and declined to exercise supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(c)(3). Dkt. # 77. On appeal, the Ninth Circuit Court of Appeals affirmed the dismissal of plaintiff's federal claims, but vacated and remanded as to the state law claims, "to allow the district court to consider in the first instance whether McClain's state law claims were completely preempted." Memorandum of the Ninth Circuit Court of Appeals, Dkt. # 114. The Court then set a briefing schedule for cross-motions for summary judgment. Dkt. # 116.

Defendants timely filed their motions for summary judgment on December 30, 2011, noting them for consideration on March 2, 2012. The time for plaintiff to respond has long passed, and he has filed nothing in opposition to the motions, nor has he requested additional time to respond. Plaintiff has previously demonstrated his ample ability to litigate this matter, and has in the time for responding to the summary judgment motions filed other motions of his own, including a motion to recuse and a motion to enforce an alleged settlement agreement. Dkt. ## 126, 132. He also timely filed his opposition to a motion for sanctions filed by defendants. Dkt. # 144. These filings demonstrate that he is not in any way impaired in his ability to litigate this matter. Therefore, pursuant to Local Rule CR 7(b)(2), plaintiff's failure to respond to the motions for summary judgment shall be deemed an admission that each motion has merit.

Accordingly, it is hereby ORDERED:

(1) <u>Boeing's Motion for Summary Judgment on the WLAD Claims</u> (Dkt. # 122)

Boeing moves for summary judgment on plaintiff's claims under the WLAD, asserting that the Court has already determined that there is no evidence in the record that plaintiff suffered from a disability. Plaintiff has not come forward with either argument or evidence to refute this assertion. Accordingly, Boeing's motion for summary judgment on plaintiff's claims under the WLAD (Dkt. # 122) is GRANTED and plaintiff's WLAD claims are DISMISSED.

(2) <u>The Union's Motion for Summary Judgment on Purported State Law Claims</u> (Dkt. # 118)

The Union has moved for summary judgment on plaintiff's state law claims of infliction of emotional distress, collusion between Boeing and the Union, retaliation, disparate treatment, and breach

of the implied covenant of good faith and fair dealing. The Union contends that these claims are all preempted by federal law, specifically Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 ("LMRA"), and Section 9(a) of the National Labor Relations Act, 29 U.S.C. § 159 ("NLRA").

Section 301 establishes federal jurisdiction over suits for violation of labor contracts. It completely preempts state law claims that are "substantially dependent upon analysis of the terms of an agreement made between the parties to a labor contract." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985). Section 9(a), which establishes the duty of fair representation, has similar preemptive effect over emotional distress claims. *Adkins v. Mireles*, 526 F. 3d 531, 541-52 (9th Cir. 2008).

Plaintiff has nowhere shown how his state law claims escape this preemption. Accordingly, the Union's motion for summary judgment (Dkt. # 118) is GRANTED and plaintiff's state law claims against the Union are DISMISSED.

(3) Boeing's Motion for Summary Judgment on State Law Claims (Dkt. # 119)

Boeing has similarly moved for dismissal of plaintiff's claims of infliction of emotional distress, collusion, retaliation, disparate treatment, and breach of the implied covenant of good faith and fair dealing. As shown above, plaintiff has nowhere argued or shown that these state law claims are not completely preempted by federal law. Accordingly, Boeing's motion for summary judgment is GRANTED and these claims are DISMISSED.

The Clerk shall enter judgment in favor of defendants on plaintiff's state law claims.

DATED May , 2012.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER - 3